UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARCOS GARCIA RAYOS,

          Plaintiff,

v.

UNKNOWN LEAVITT et al.,

          Defendants.

_____/

Case No. 1:20-cv-968

Honorable Paul L. Maloney

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Beecher.

## Discussion

### I.     Factual Allegations

       Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County,

Michigan.   The events about which he complains occurred at that facility.   Plaintiff sues

Corrections Officer Unknown Leavitt and Resident Unit Manager Unknown Beecher.

Plaintiff alleges that on April 22, 2020, as he was leaving the law library, Defendant

Leavitt noticed that Plaintiff's nose was protruding from his mask.  Defendant Leavitt stopped

Plaintiff and told him to pull up his mask before he tied it around Plaintiff's throat.  Plaintiff filed

a grievance on Defendant Leavitt for the comment.  Defendant Leavitt was interviewed regarding

the grievance on April 28, 2020, by Sergeant Platte.  On the same date, Defendant Leavitt searched

Plaintiff and told him that he would regret filing a grievance on him.  Defendant Leavitt then wrote

a class II misconduct on Plaintiff.  On May 7, 2020, Defendant Beecher conducted a hearing on

the misconduct charge and found Plaintiff guilty without considering Plaintiff's evidence.  Plaintiff

claims that Defendant Beecher fraudulently lied on the hearing report when he stated that

Defendant Leavitt had not searched Plaintiff on April 28, 2020.  In addition, Plaintiff claims that

Defendant Leavitt lied when he said that he did not recall talking to Plaintiff on April 28, 2020.

Plaintiff claims that Defendant Leavitt retaliated against him in violation of the First

Amendment and that Defendant Beecher violated his Fourteenth Amendment due process rights.

Plaintiff seeks damages, as well as declaratory and injunctive relief.

## II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a

right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271

(1994).

## III.    Defendant Beecher

> Plaintiff claims that Defendant Beecher violated his Fourteenth Amendment due

process rights when he conducted a hearing on the misconduct charge and found Plaintiff guilty

without considering Plaintiff's evidence.  The Fourteenth Amendment protects an individual from

deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d

795, 801 (6th Cir. 2005).  To establish a Fourteenth Amendment procedural due process violation,

a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Under Michigan Department of Corrections Policy Directive 03.03.105 ¶ B, a Class-I misconduct is a "major" misconduct and Class-II and Class-III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class-I misconduct. *See* Policy Directive 03.03.105, ¶ AAAA. The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2

(6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff, therefore, fails to state a due process claim arising from his Class-II misconduct conviction for possession of contraband.

## IV.    Defendant Leavitt

Plaintiff claims that Defendant Leavitt retaliated against him in violation of the First Amendment when he wrote a class II misconduct on Plaintiff.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  Assuming that Plaintiff's grievance was nonfrivolous, it appears that he was engaged in protected conduct.

The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).  As a result of a Class-II misconduct conviction, a prisoner may be subjected to toplock for up to five days, loss of privileges

for up to thirty days, extra duty for up to forty hours, and restitution.  Even seven days' loss of

privileges—which includes loss of the rights to use the exercise facilities, to attend group meetings,

to use the telephone, to have visitors, to access the general library, and to access the activity

room—amounts to adverse action.  *Maben v. Thelen*, 887 F.3d 252, 266-67 (6th Cir. 2018)

(quoting *Hill v. Lapin*, 630 F3d 468, 474 (6th Cir. 2010) (holding that "actions that result in more

restrictions and fewer privileges for prisoners are considered adverse")).  The *Maben* court noted

the contrary holding in *Ingram v. Jewell*, 94 F. App'x. 271, 273 (6th Cir. 2004) (citing *Thaddeus-*

*X*, 175 F.3d at 396-97) (14 days' loss of privileges does not constitute an adverse action), and,

because *Maben* was a published opinion, it effectively overruled *Ingram*.  Therefore, the Class-II

misconduct conviction was sufficiently adverse to state a retaliation claim.

Finally, the Court notes that immediately before writing the misconduct on

Plaintiff, Defendant Leavitt told Plaintiff that he would regret filing a grievance on him.  Therefore,

it appears that Plaintiff has alleged facts showing that the misconduct ticket was motivated, at least

in part, by Plaintiff's conduct in filing a grievance on Defendant Leavitt.  The Court concludes that

Plaintiff's retaliation claim against Defendant Leavitt may not be dismissed on initial review.

## V.      Pending motions

Plaintiff has filed a motion to amend his complaint (ECF Nos. 4 and 4-1) to add

two cases to the "previous lawsuits" section of his original complaint (Compl., ECF No. 1,

PageID.2.  Plaintiff's motion is hereby granted.  Plaintiff's complaint shall be read to include the

two additional cases listed in the attachment to his motion (ECF No. 4-1).

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the

Court determines that Defendant Beecher will be dismissed for failure to state a claim, under 28

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's retaliation claim against

Defendant Leavitt remains in the case.

An order consistent with this opinion will be entered.


Dated:    November 3, 2020                          /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge