UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS,

    Plaintiff,

v.

    Case No. 1:20-cv-968

    Hon. Hala Y. Jarbou

PATRICK LEAVITT,

    Defendant.
_____/

## ORDER

This is a civil rights action brought by a prisoner. On February 22, 2022, the magistrate judge issued a report and recommendation ("R&R") recommending that the Court deny Defendant's motion for summary judgment and deny Plaintiff's motion for declaratory judgment. (R&R, ECF No. 70.) Before the Court is Defendant's objection to the R&R (ECF No. 74).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that there was sufficient evidence to create a genuine dispute of fact regarding Plaintiff's retaliation claim.

Defendant argues that Plaintiff did not engage in protected conduct. Plaintiff's claim is based on his assertion that Defendant told him, "Pull up your mask before I tie it around your throat." (R&R 1.) Plaintiff filed a grievance about this comment and then Defendant purportedly retaliated by filing a misconduct ticket.

Defendant argues that Plaintiff's grievance was not protected conduct because the grievance was frivolous. As the magistrate judge observed, "'Some cases in this Circuit appear to

suggest that a prisoner's grievance is frivolous when the underlying grievance itself is de minimis.'" (R&R 4 (quoting *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018).)  For instance, in *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456 (6th Cir. Sept. 18, 2000), the Court of Appeals held that a prisoner grievance alleging "verbal abuse" was not protected conduct because "[a]n inmate has no constitutionally protected right to be free from verbal abuse." *Id.* at *2.

The magistrate judge distinguished *Kilchermann* because the threat by Defendant "was not simply verbal abuse"; rather, it "threatened physical harm to Plaintiff." (R&R 4.)  The Court agrees with that assessment of the nature of the threat as well as the distinction between *Kilchermann* and this case.  Defendant asserts that he did not make a physical threat, referring to Plaintiff's acknowledgement that Defendant used a "regular tone" of voice (Def.'s Obj. 3); however, the Court agrees that a jury could conclude otherwise based solely on Plaintiff's description of the words used by Defendant.

Furthermore, *Kilchermann* is not persuasive to the extent it suggests that a grievance must assert a constitutional right in order to constitute protected conduct.  That is not the proper standard for protected conduct.  The First Amendment protects a prisoner's right to complain about conduct by prison officials.  Those complaints do not have to rest upon constitutional rights in order to qualify as protected conduct.

Accordingly,

**IT IS ORDERED** that Defendant's objection (ECF No. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 70) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for declaratory judgment (ECF No. 67) and Defendant's motion for summary judgment (ECF No. 52) are **DENIED**.

Dated:   March 24, 2022                                         /s/ Hala Y. Jarbou
                                                                                HALA Y. JARBOU
                                                                                UNITED STATES DISTRICT JUDGE